## URQUHART v. BRYANT.

1. FRAUD—MATERIAL FACTS.

In action for fraud, statements as to financial worth of defendants who sold stock in corporation they organized, as to past profits, present business and, under the circumstances, reason given for future work *held*, representations as to material facts.

2. SAME—RELIANCE ON MISREPRESENTATIONS—QUESTIONS OF FACT.

Evidence as to whether plaintiff relied upon misrepresentations as to material facts *held*, sufficient to present question of fact for jury, in his action for fraud against organizers of corporation who sold him stock, notwithstanding plaintiff made independent investigation as to matters not covered by the representations.

3. SAME—CONCERT OF ACTION—CONSPIRACY.

Former copartners who organized corporation to take over business and sold stock therein to plaintiff and used proceeds to satisfy personal obligations were liable for fraud to plaintiff upon his rescission of transaction where testimony shows concert of action upon the part of defendants and others to the common end, although no conspiracy was charged.

4. SAME—REMITTITUR—LOSS OF EARNINGS.

Remission of item of damages for loss of earnings in action for fraud in corporate investment is ordered where plaintiff consents thereto.

5. COSTS—APPEAL AND ERROR.
   Costs are not allowed either party on appeal where neither fully
      sustained contentions made.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 3, 1934. (Docket No. 40, Calendar No. 37,745.) Decided December 10, 1934.

Case by Grant Urquhart against William R. Bryant and Edward M. Olson to recover money paid as result of fraudulent misrepresentations. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Albert C. Doyle (Echlin & Lendzion,* of counsel), for plaintiff.

*Van H. Ring (William R. McKinnon,* of counsel), for defendants.

WIEST, J. Defendants were formerly copartners and financially embarrassed. They organized a corporation to take over the business, capitalized their partnership equipment at a value of $25,000, invested no money and were the majority stockholders.

Plaintiff claims that, by false and fraudulent representations, defendants induced him to purchase and pay for stock in the corporation, and brought this suit to recover and had judgment, and defendants prosecute review by appeal.

Defendants owed personal obligations to a bank, amounting to $12,000, and there was evidence from which the jury could find a scheme on their part to organize the corporation, sell stock therein and use the money to pay up their obligations at the bank, and that this was done with the money paid by plaintiff on the very day it was deposited; also that there was a concert of action to such end between

defendants, the father of Mr. Olson, acting in behalf of defendants, and the cashier of the bank. A "check kiting" scheme was resorted to by defendant Olson and the cashier of the bank holding defendants' notes, in order to deceive the bank examiner and the money paid by plaintiff was used in behalf thereof.

Plaintiff lived in Kentucky and had his brother, who was an army officer stationed in Detroit, look into the matter of investing in stock of the corporation, and this was done to some extent, and then plaintiff came to Detroit and claims he was induced to invest by reason of false and fraudulent representations.

As usual, the representations charged were not all false. Some were true and some others were not of a character constituting fraud.

The trial judge, in instructions to the jury, limited consideration to the following alleged representations:—(1) that defendant Bryant was a brother-in-law of Henry Ford and, because of the relationship, had obtained for the former copartnership and for the corporation a large volume of construction work and in the future would, because of that special influence, get further work; (2) that defendant Olson had amassed $14,000 out of the earnings of the partnership and corporation business; (3) that Mr. Bryant was worth $200,000; (4) that the company had in the past made large profits and was then enjoying a profitable business.

The court stated:

"Now in all these matters, in connection with all of these representations, and these points are the only points upon which the testimony raises issues for you to consider, you must bear in mind that if you find that these statements were actually

made or any of them were actually made and that they or any of them were actually false, that that alone does not close the case because you must then go ahead and find that they were material representations; that they were made with the intention they should be acted upon and that they were actually acted upon and relied upon by the plaintiff in this case.''

Plaintiff claims he relied upon such representations and purchased shares of stock for which he paid $6,560 in cash and gave his note for $2,000.

Plaintiff at once became secretary of the corporation but did not serve long before his pay check was dishonored for want of funds, and then he discovered the worthlessness of his investment, and tendered back the stock and demanded return of his money. The representations as to the financial worth of defendants were statements of fact and not mere matters of opinion and, as they were organizers of the corporation, their financial means was of considerable importance. The representation relative to work performed for Henry Ford and the reason given for future work involved a question of fact as to past work, and it calls for too much refinement to hold that the representation of continued work should have been accepted as a mere prophecy.

Plaintiff was taken to view some of the work that had been performed by the partnership and some by the corporation, and was also taken by Olson and introduced to the cashier of the bank for an interview as to the financial condition and responsibility of both defendants. Mr. Olson remained in the room during the interview and plaintiff testified that the answers of the cashier were all given in the presence of Mr. Olson. Upon this point there was

some dispute, but enough presented to leave the question of fact to the jury. It is also claimed in behalf of defendants that plaintiff made an independent investigation and, therefore, did not rely upon the representations alleged. The investigation made did not cover the field of the representations and was very properly left to consideration of the jury upon the issue of the reliance of plaintiff upon the representations.

The declaration did not charge a conspiracy to defraud, and it was not necessary to do so in order to hold defendants responsible for concerted action toward a common end. There was testimony that, when the money paid by plaintiff was deposited in the bank holding the personal obligations of defendants, and applied by the cashier upon such obligations, it was in accordance with a previous agreement made by the defendants with the cashier that they would take care of their personal obligations by sales of stock in the corporation.

Plaintiff, when he made the investment, gave up former employment in Kentucky and claimed as damages loss of earnings in such employment by reason of the fraud practiced by defendants, and was permitted to recover the sum of $2,100, as such damages. In this court counsel for plaintiff has filed consent to remission of that item from the judgment, and it is so ordered.

The statement of questions involved and argued in the brief of counsel for defendants presents no reversible error.

The judgment, less the remitted amount, is affirmed, without costs to either party.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.